UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| STEVIE YATES, a minor child by his Guardian Ad Litem, STEPHANIE YATES, and STEPHANIE YATES and STEPHEN YATES, | ) ) ) ) ) | 03:07-CV-00200-LRH-RJJ |
| Plaintiffs, | ) ) | ORDER |
| v. | ) ) | |
| WASHOE COUNTY SCHOOL DISTRICT, | ) ) | |
| Defendants. | ) ) ) | |

Presently before the court is a Motion to Dismiss (# 13[1]) filed by plaintiffs, Stevie Yates, Stephanie Yates, and Stephen Yates (collectively, "Plaintiffs"). Washoe County School District ("WCSD") has filed an opposition (# 14), and Defendants replied (# 15).

**I. Factual and Procedural Background**

This is a civil action brought pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq*. Plaintiff Stevie Yates is a minor who has autism and apraxia. On or about August 10, 2006, Defendants requested a Due Process hearing based on their concern that WCSD failed to offer Stevie Yates a free appropriate public education in the least restrictive environment. The hearing officer issued a decision adverse to Plaintiffs on December 22, 2006.

---

[1] Refers to the court's docket number.

1  Plaintiffs appealed that decision to a State Review Officer.  On April 5, 2007, the State Review
2  Officer rendered his decision affirming in part and reversing in part the hearing officer's decision.
3  Plaintiffs filed the present action on April 25, 2007.  WCSD waived service of the summons and
4  filed its answer and cross-appeal/counterclaim on June 25, 2007.

5  **II. Legal Standard**

6        Plaintiffs have filed a motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the
7  Federal Rules of Civil Procedure.  Nevertheless, Plaintiff did not raise any argument challenging
8  the court's jurisdiction over WCSD's cross-appeal and counterclaim.  Thus, the court will analyze
9  Plaintiffs' arguments under the appropriate Rule 12(b)(6) standard.

10       In considering "a motion to dismiss, all well-pleaded allegations of material fact are taken
11 as true and construed in a light most favorable to the non-moving party."  *Wyler Summit P'Ship v.*
12 *Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted).  However, a court
13 does not necessarily assume the truth of legal conclusions merely because they are cast in the form
14 of factual allegations in a plaintiff's complaint.  *See Clegg v. Cult Awareness Network*, 18 F.3d
15 752, 754-55 (9th Cir. 1994).

16       There is a strong presumption against dismissing an action for failure to state a claim.  *See*
17 *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (citation omitted).  "The issue is
18 not whether a plaintiff will ultimately prevail but whether [he] is entitled to offer evidence in
19 support of the claims."  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds*
20 *by Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982).  A plaintiff's obligation to provide the grounds
21 of his entitlement to relief requires more than labels, conclusions, and a formulaic recitation of the
22 elements of the cause of action.  *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007).
23 "Factual allegations must be enough to raise a right to relief above the speculative level on the
24 assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Id*. (internal
25 citations omitted).

26

2

### III. Discussion

Plaintiffs are seeking to dismiss WCSD's cross-appeal and counterclaim arguing that they are time-barred because they were filed outside the statute of limitations. WCSD argues that its responsive pleading includes a compulsory counterclaim that tolled the statute of limitations.

Pursuant to IDEA, "[t]he party bringing the action shall have 90 days from the date of the decision of the hearing officer to bring such an action, or, if the State has an explicit time limitation for bringing such action under this part, in such time as the State law allows." 20 U.S.C. § 1415(i)(2)(B). Nevada law, consistent with IDEA, provides for a ninety-day period in which to initiate a civil action. Nev. Admin. Code § 388.315(3). Section 388.315(3) also provides, however, that "[a] party may file a cross appeal within 10 days after he receives notice of the initial appeal."

In this case, Plaintiffs timely filed this action on April 25, 2007, and served WCSD on May 2, 2007. Consistent with the Waiver of Service, WCSD filed its responsive pleading on June 25, 2007, which is outside the period provided for by Section 388.315(3) of the Nevada Administrative Code. Nevertheless, the court finds that WCSD's cross-appeal and counterclaim are not time-barred by Section 388.315(3) because the statute of limitations was tolled when Plaintiffs initiated the action.

The Ninth Circuit has not addressed the issue of whether the filing of an action tolls the running of the statute of limitations with respect to a compulsory counterclaim. *See Katherine G. v. Kentfield Sch. Dist.*, 261 F.Supp.2d 1159, 1185 (N.D. Cal. 2003). However, the majority of courts to address the issue have concluded that a plaintiff's institution of a suit tolls or suspends the running of the statute of limitations governing a compulsory counterclaim. 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1419 (2d ed. 1990).

This court agrees with the majority view and finds persuasive the holding of *Kirkpatrick v. Lenoir County Bd. of Educ.*, 216 F.3d 380 (4th Cir. 2000). *Kirkpatrick* is a factually analogous

case involving a complaint under IDEA. *See id*. In that case, the Fourth Circuit concluded that an IDEA action is properly categorized as an original action as opposed to an appeal. *Id*. at 383. Thus, the court determined that the proceedings are governed by the Federal Rules of Civil Procedure and that the defendant's response was an answer and compulsory counterclaim. *Id*. at 387. Because the Fourth Circuit follows the majority rule and has previously held that a compulsory counterclaim relates back to the time of the filing of a plaintiff's complaint, the court found that the counterclaim was timely. *See id*.

      The Ninth Circuit agrees with the *Kirkpatrick* court that an IDEA action is a civil action. *S.J. v. Issaquah Sch. Dist. No. 411*, 470 F.3d 1288, 1292 (9th Cir. 2006). Thus, WCSD's cross-appeal and counterclaim is properly categorized as a compulsory counterclaim because it arises from the same administrative proceeding, involves the same child and school district, and evokes consideration of the same law. *See* Fed. R. Civ. P. 13(a); *see also Kirkpatrick*, 216 F.3d at 387-88. Because this court has already determined that the filing of an action tolls the limitations period for a compulsory counterclaim, WCSD's cross-appeal and counterclaim was timely filed.

      IT IS THEREFORE ORDERED that Plaintiffs' Motion to Dismiss (# 13) is hereby DENIED.

      IT IS SO ORDERED.

      DATED this 30th day of October, 2007.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE