UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| STEVIE YATES, a minor child by his Guardian Ad Litem, STEPHANIE YATES, and STEPHANIE YATES and STEPHEN YATES,<br><br>            Plaintiffs,<br><br>   v.<br><br>WASHOE COUNTY SCHOOL DISTRICT,<br><br>            Defendant.<br><br>WASHOE COUNTY SCHOOL DISTRICT, a political subdivision of the State of Nevada,<br><br>            Cross-Appellant and Counter-Claimant,<br><br>   v.<br><br>STEVIE YATES, a minor child by his Guardian Ad Litem, STEPHANIE YATES, and STEPHANIE YATES and STEPHEN YATES,<br><br>            Cross-Appellee and Cross-Defendants. | 03:07-CV-00200-LRH-RJJ<br><br>ORDER |

Presently before the court is Plaintiffs Stevie Yates, Stephanie Yates, and Stephen Yates' (collectively "Plaintiffs") Motion to Alter or Amend Judgment (#52[1]). Defendant Washoe County School District has filed a response (#53), and Plaintiffs replied (#54).

This is a civil action brought pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400-1482. On August 28, 2008, this court issued an Order (#51) denying Plaintiffs' Appeal (#32) and affirming the final decision of the State Review Officer ("SRO"). In relevant part, the court upheld the SRO's conclusion that Stevie's receipt of math instruction in the special education resource room is consistent with IDEA's least restrictive environment ("LRE") mandate. Plaintiffs now contend the court erred in reaching this decision because the court failed to fully consider the facts presented by Plaintiffs in their appeal.

Plaintiffs bring their motion for reconsideration pursuant to Rule 59(e) Federal Rules of Civil Procedure. "While Rule 59(e) [of the Federal Rules of Civil Procedure] permits a district court to reconsider and amend a previous order, the rule offers an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Carrol v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (quoting 12 James Wm. Moore et al., Moore's Federal Practice § 59.30(4) (3d ed. 2000)). Reconsideration of the district court's initial decision is inappropriate in the absence of (1) newly discovered evidence; (2) an intervening change in controlling law; or (3) clear error or manifest injustice. *Carrol*, 342 F.3d at 945; *Sch. Dist. No. 1J, Multnomah County, Or. v. AC and S, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (citations omitted). Moreover, the motion must "set forth facts or law of a strongly convincing nature to induce the Court to reverse its prior decision." *Mutual Life Ins. Co. of New York v. Pointe Tapatio Resort Properties No. 1*, 206 F.R.D. 495, 497 (D. Ariz. 2002) (citations omitted).

Plaintiffs argue the court's failure to fully consider the facts presented in Plaintiff's appeal

---

[1] Refers to the court's docket entry number.

2

has resulted in manifest injustice.  In particular, Plaintiffs note the court's decision to only consider "those factual statements that [were] properly supported by the record." (Order (#51) at 2 n.1.)

The court has reviewed Plaintiffs's arguments and finds Plaintiffs have failed to identify any error warranting reversal of the court's prior decision.  In conducting its review of the record before it, the court engaged in a thorough and extensive analysis.  To the extent Plaintiffs' cited to the record in their Statement of Facts, the court fully considered Plaintiff's descriptions of the regular education classes and the special education math classes.  Indeed, Plaintiffs have failed to identify any particular facts the court failed to consider that might have affected the outcome of their appeal.  Further, even if the court had failed to consider certain facts identified by Plaintiffs, the evidence would not have changed the court's decision to uphold SRO's decision that Stevie's receipt of math instruction in the special education resource room is consistent with IDEA's LRE mandate.

In short, the court finds nothing in Plaintiffs' motion indicating that they have suffered manifest injustice as a result of the court's previous ruling.  As Plaintiffs have failed to present any newly discovered evidence or show an intervening change in controlling law or clear error, the court will deny the motion to reconsider.

IT IS THEREFORE ORDERED that Plaintiffs' Motion to Motion to Alter or Amend Judgment (#52) is hereby DENIED.

IT IS SO ORDERED.

DATED this 20th day of May, 2009.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

3